IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE E. CHATMAN,

    Plaintiff,

        v.

THE CITY OF PITTSBURGH PA, OFFICER
THIROS, OFFICER FREEMAN, LEGACY
APARTMENTS,

    Defendants.

11cv0638
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Plaintiff, who is appearing *pro se* and seeks In Forma Pauperis (IFP) status before this Court, has already been dubbed by this Court as "a frequent flyer in frivolous lawsuits" in the United States District Court for the Western District of Pennsylvania. See 08-cv-1386, doc. no. 2. Plaintiff has sued numerous defendants over the past decade and commenced at least six other civil lawsuits before the Court, all of which were dismissed as frivolous.

The Court will grant plaintiff's application for leave to proceed in forma pauperis, and, having screened his *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), will dismiss his complaint as frivolous.

28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune
from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)[1]) was clarified by the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327.

Plaintiff's current complaint, just like his numerous prior complaints which have been dismissed as frivolous, sets forth snippets of information about various persons, and factoids of certain incidents, but it is not clear how the snippets and factoids relate to each other. Moreover, plaintiff does not inform the Court of the nature of his alleged injuries, or the relief he seeks. His complaint appears to be based upon the fact that he was handcuffed while defendants Thiros and Freeman were attempting to serve a summons on plaintiff in front of his apartment at The Legacy, which appears to be an assisted living home for the elderly (for failing to pay his rent at The Legacy). From the documents attached to plaintiff's complaint, it appears that he was charged with disorderly conduct in state court for his actions on that date. It also appears that he has previously sued "The Legacy" in state court based upon this incident, and this action was dismissed as frivolous. He now concludes: "there's a serious violation of law in terms of the legal procedure;" and, "the legal process should not be a vehicle for harassment." Doc. No. 1-1.

---

[1]Although much of the language in the current *in forma pauperis* statute, 28 U.S.C. § 1915, deals with prisoners since the Prison Litigation Reform Act of 1995, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 (M.D.PA. 1997). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (the screening process provided under §1915(e)(2) is applicable both to non-prisoner and prisoner cases.)

Normally, the Court would permit plaintiff, as a *pro se* litigant, an opportunity to amend his complaint before dismissing it, but since his allegations are either frivolous, or are barred by the *Rooker-Feldman* doctrine, the Court will dismiss this action at this time. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Having already dismissed at least one of plaintiff's prior lawsuits based upon the *Rooker-Feldman* doctrine (see 08-cv-1386, doc. no. 2), plaintiff is well aware of the dictates of that doctrine, and he knows that the Court cannot entertain federal claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication. *FOCUS v. Allegheny County Court of Common Pleas*, 75 D.3d 834, 840 (3d Cir. 1996).

Plaintiff's motion for IFP status will be granted, and plaintiff's complaint will be dismissed with prejudice.

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Eugene E. Chatman
2851 Bedford Avenue #303
Pittsburgh, PA 15214
PRO SE PLAINTIFF