IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE E. CHATMAN,

      Plaintiff,

           v.

THE CITY OF PITTSBURGH PA, OFFICER
THIROS, OFFICER FREEMAN, LEGACY
APARTMENTS,

      Defendants.

11cv0638
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

    Plaintiff, who is appearing *pro se,* has already been dubbed by this Court as "a frequent

flyer" in the United States District Court for the Western District of Pennsylvania because he has

sued numerous defendants over the past decade and commenced at least six other civil lawsuits

before the Court, all of which were dismissed as frivolous.

    This Court previously granted plaintiff's motion for IFP status, and dismissed his

complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff then appealed this Court's

decision, and on August 8, 2011, the United States Court of Appeals for the Third Circuit

summarily vacated and remanded this case.  Doc. No. 7.  In its Opinion (doc. no. 7-2), the United

States Court of Appeals for the Third Circuit found that plaintiff's Complaint should not have

been dismissed, without first providing plaintiff an opportunity to amend his complaint.  In

accordance therewith, and on August 9, 2011, this Court issued an Order for plaintiff to file an

Amended Complaint no later than September 9, 2011.

    On August 15, 2011, plaintiff filed his Amended Complaint (doc. no. 8), and thereafter,

1

defendants filed a Motion for More Definite Statement (doc. no. 9), which this Court denied via Text Order of September 8, 2011.

On September 13, 2011, defendants filed a Motion to Dismiss for Failure to State a Claim, pursuant to Fed. R. Civ. Pr. 12(b)(6), and on September 19, 2011, plaintiff filed his Response in Opposition thereto.  Doc. Nos. 10 and 12.

In his Amended Complaint, plaintiff alleges that City of Pittsburgh Police Officers violated his Constitutional Rights on December 29, 2009, and again on February 25, 2010, when he was unlawfully imprisoned.  Although the facts preceding these incidents remain somewhat unclear, it appears that plaintiff is alleging that on December 29, 2009, plaintiff was handcuffed by a police officer on the first floor of the apartment building where he resides (The Legacy), was escorted to his apartment, was told not to leave the apartment, and he was issued a citation.

He claims that he was never delinquent in paying his rent.  The second incident allegedly took place on February 25, 2010, wherein he asserts that he was handcuffed by police officers Thiros and Freeman, and taken to the county jail.

The above information comprises the factual backdrop of the case, and the exhibits plaintiff attaches to his Amended Complaint (which the Court will consider as integral to and/or matters of public record without converting the motion to dismiss into a motion for summary judgment) further evidence that he was issued a citation of public drunkenness on December 29, 2009, and he was charged with disorderly conduct in state court for his actions on February 25, 2010.  *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted). Plaintiff further attaches the incident reports of these events as exhibits to his Amended Complaint.  It also appears that he has previously sued "The Legacy" in state court based upon this incident, and this action was dismissed as frivolous.

2

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it)). To survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, a claim for relief now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009) (citing *Twombly*, 550 U.S. at 555). While Rule 8 was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *2 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief."  "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8.  Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.  Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler*, 578 F.3d at 212; *See also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).  In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief.  *Fowler*, 578 F.3d at 563 n.8.

Viewed in light of the forgoing liberal pleading standards, and construing plaintiff's Amended Complaint most broadly, it appears that plaintiff is alleging that the City (police officers) maliciously prosecuted him when they handcuffed him and issued him a citation for public drunkenness on December 29, 2009, and again on February 25, 2010, when they handcuffed and took him to the county jail.  It is also possible that plaintiff is alleging a Fourth Amendment violation (via his use of the term "false imprisonment").[1]

---

[1] Because plaintiff's Amended Complaint alleges loss of liberty under the Fourth Amendment, the Court will not address other constitutional violations that could potentially support a section 1983 malicious prosecution claim. *Torres v. McLauglin*, 163 F.3d 169, 172 (3d Cir. 1998).

In order to proceed on a malicious prosecution claim under 42 U.S.C. § 1983, plaintiff must establish that: (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) defendants acted with a malicious purpose other than bringing plaintiff (defendant) to justice; and (5) plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler v. Crisanti*, 564, F.3d 181, 186 (3d Cir. 2009) (citations omitted).

After providing plaintiff with an opportunity to amend his Complaint, plaintiff has failed to even remotely allege or establish the following necessary elements of a malicious prosecution claim:  (1) that the criminal proceeding resolved in his favor, (2) that the proceeding was initiated without probable cause, and (3) that the defendants acted with malice.  On the contrary, by attaching the above referenced exhibits to his Amended Complaint, plaintiff undermines his case for the lack of probable cause.  Plaintiff does not allege that any information contained with the incident reports or citations are untrue, and therefore, arguably establishes that probable cause existed.  Specifically, regarding the December 29, 2009 incident, he attaches an exhibit evidencing that he was cited for public drunkenness, and as for the February 25, 2010 incident, he attaches as another exhibit, a copy of the criminal complaint that was filed against him (disposition unknown).  Thus, he has failed to allege that the proceedings were initiated without probable cause and/or that the proceedings ended in his favor.  Further, he makes no allegation that the defendants acted with *any* malicious purpose, in initiating the criminal proceedings against plaintiff.   Accordingly, plaintiff's malicious prosecution claim (as construed by this Court) fails.

Finally, to the extent plaintiff is alleging some form of an improper seizure under the Fourth Amendment to the United States Constitution, he has also failed to plead facts sufficient

5

to establish this claim.  It is well settled that the Fourth Amendment forbids "unreasonable" searches and seizures.  *Terry v. Ohio*, 392 U.S. 1, 9 (1968).  Plaintiff's Amended Complaint, lacks any allegation that the seizures at issue were "unreasonable," and on the contrary, his allegations (and attached exhibits) actually evidence the opposite - - that the actions of the police on December 29, 2009 and February 25, 2010 were reasonable and necessary, given plaintiff's alleged intoxication and disorderly conduct on both dates at issue.[2]

For these reasons, after providing plaintiff with an opportunity to amend his complaint, defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pr. 12(b)(6) will be GRANTED and plaintiff's Amended Complaint will be dismissed with prejudice.

An appropriate Order follows.

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc:    All counsel of record

Eugene E. Chatman
2851 Bedford Avenue #303
Pittsburgh, PA 15214
PRO SE PLAINTIFF

---

[2]Because plaintiff's factual allegations are not sufficiently developed or focused to warrant further consideration and no facts have been alleged that would nudge plaintiff's claims of constitutional violations across the line from conceivable to plausible, the Court further finds that the individual officers enjoy qualified immunity because plaintiff has alleged no constitutional violation under the Fourth Amendment, and because the actions of the police officers (as set forth in the Amended Complaint, and attached exhibits) were reasonable.  *Ashcroft v. al-Kidd*, 2011 WL 2119110, at *4 (2011) (citations omitted).  Furthermore, plaintiff has not alleged any facts to set forth a claim asserting respondeat superior liability against the City of Pittsburgh.  *Monell v. New York City Department of Social Service*s, 436 U.S. 658 (1978).